561 So.2d 244 (1990)
Ex parte FORD MOTOR CREDIT COMPANY and Carl Hubbard Chevrolet, Inc.
(Re Paul L. KILGORE
v.
CARL HUBBARD CHEVROLET, INC., et al.)
Civ. 7362.
Court of Civil Appeals of Alabama.
February 28, 1990.
*245 Tabor R. Novak, Jr. and Gerald C. Swann, Jr. of Ball, Ball, Matthews & Novak, Montgomery, for Ford Motor Credit Co.
Robert D. Segall, Lee H. Copeland and Gregory L. Davis of Copeland, Franco, Screws & Gill, Montgomery, for Paul L. Kilgore.
L. CHARLES WRIGHT, Retired Appellate Judge.
Ford Motor Credit Company and Carl Hubbard Chevrolet, Inc. ("Hubbard"), petition for a writ of mandamus ordering the Circuit Court of Macon County to grant their motions to dismiss or, in the alternative, motions for change of venue. The motions to dismiss are based upon § 6-5-430, Code 1975. The motions for change of venue are based upon § 6-3-21.1, Code 1975.
In August 1988 Kilgore filed suit against Hubbard, Ford, and other unnamed or fictitious defendants. The complaint stated the following causes of action: conversion and fraud against Hubbard and other fictitious defendants; breach of contract against "defendants"; and negligence against Ford, its agents, and other fictitious defendants.
After a hearing the Macon County Circuit Court denied the defendants' request for relief. A petition for writ of mandamus was filed in November 1989.
Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the jurisdiction of the court is properly invoked. Where the exercise of an inferior court's discretion is involved, mandamus may be issued only to compel the exercise of its discretion. Mandamus may not be issued to control or review the exercise of discretion except where an abuse of discretion is shown. Ex parte Auto-Owners Ins. Co., 548 So.2d 1029 (Ala.1989).
Ford raises the issue of whether § 6-5-430 should apply and result in the dismissal of Kilgore's suit. Section 6-5-430, as amended effective June 11, 1987, provides:
"Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort, has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice."
§ 6-5-430, Code 1975.
"[Section 6-5-430, as amended] requires the courts ... to apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of any action based upon a claim arising outside the state.... This legislation requires the courts to apply this doctrine to all suits brought on a foreign cause of action, without regard to whether the defendant is a foreign corporation or a domestic corporation or whether the defendant is a resident of the State of Alabama or a non-resident."
Ex parte Southern Ry., 556 So.2d 1082, 1086 (Ala.1989).
Our first inquiry is to determine whether Kilgore's "claim ... has arisen outside" Alabama. § 6-5-430, Code 1975, as amended.
*246 Kilgore resides in Macon County; Ford is a Delaware corporation, qualified to do business in Alabama, having an agent in Alabama, with its principal place of business outside Alabama; Hubbard is a Delaware corporation, with its principal place of business in Lee County, Alabama, with no agent in Macon County, Alabama.
Prior to June 1988 Kilgore leased a Ford automobile from the Ourisman Ford dealership in the state of Maryland. In June 1988 Kilgore and Hubbard entered into a contract in Lee County, Alabama, wherein Kilgore agreed to purchase a Hubbard Chevrolet automobile. Pursuant to this agreement, Hubbard agreed to accept whatever "equity" Kilgore had obtained in the leased Ourisman Ford automobile. Ford Motor Credit Company held a security interest in Kilgore's Ourisman Ford automobile. As Kilgore's Ourisman Ford automobile was leased, Hubbard was required to determine a "pay-off" amount on the lease, thus enabling Hubbard to determine Kilgore's "equity." Hubbard contacted Ourisman Ford, in Maryland, and a pay-off amount was determined. With that information Kilgore and Hubbard finalized the purchase of the Hubbard Chevrolet automobile. Kilgore drove it away.
When Hubbard tendered the pay-off amount to Ourismanso that Hubbard could obtain clear title to the Ourisman Ford automobileHubbard was informed that the pay-off amount was approximately $1,000 more than the previously stated amount.
Hubbard informed Kilgore of the discrepancy when Kilgore was obtaining service upon the Hubbard Chevrolet automobile. Hubbard and Kilgore did not reach an agreement as to payment of the additional amount. Hubbard refused to allow Kilgore to drive either automobile away.
Kilgore's suit asserted conversion, fraud, and breach of contract against Hubbard and negligence against Ford Motor Credit Company ("Ford").
The determination of the situs of the claimeither inside or outside the state of Alabamais a factual determination left to the sound discretion of the trial court.
While the trial court made no findingsit merely denied the motions of Ford and Hubbardwe find no abuse of discretion in a conclusion that the claim did not arise outside the state of Alabama. Therefore, § 6-5-430, as amended June 11, 1987, has no application to the instant case.
Hubbard and Ford next contend that the trial court abused its discretion when it failed to change or transfer the venue of this action to Lee County, Alabama.
Section 6-3-21.1 provides:
"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to cases subject to section 30-3-5.
"(b) The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to section 6-3-20, section 6-3-21 or Alabama Rules of Civil Procedure."
§ 6-3-21.1, Code 1975.
Our supreme court has addressed this provision as follows:
"[Section 6-3-21.1] provides, not for the dismissal of the cause, but for the transfer of a civil action filed in an appropriate venue `for the convenience of the parties and witnesses, or in the interest of justice.' § 6-3-21.1. This has application to causes of action whether they arise within the State of Alabama or outside the state, without regard to whether the defendant is a foreign corporation or a domestic corporation or whether the defendant is a resident of the State of Alabama or is a non-resident [of Alabama]. [Section 6-3-21.1] contemplates proper venue in more than one Alabama county. It contemplates transfer of venue from a county in Alabama *247 where venue is proper to another county within the state where venue is also proper, but more convenient for the parties and witnesses [or in the interest of justice]."
Ex parte Southern Ry., 556 So.2d at 1086.
The scope of appellate review of a venue determination, by a writ of mandamus, is to determine if the trial court abused its discretion or exercised it in an arbitrary and capricious manner. Ex parte GTE Automatic Elec., Inc., 448 So.2d 385 (Ala.Civ.App.1984). The burden of proving that venue is improper, or that venue should be transferred or changed because of the application of the doctrine of forum non conveniens (§ 6-3-21.1, Code 1975) is upon the party making such a claim. A foreign corporation may be sued in any Alabama county where it does business, § 6-3-7, and, if venue is proper to one defendant, it is proper to others joined in the suit. Ex parte Hideaway Harbor Resort, Inc., 533 So.2d 563 (Ala.1988); Rule 82(c), Alabama Rules of Civil Procedure.
Ford has an agent in Alabama and does business in Macon County. Hubbard argues that it has not been engaged in any business in Macon County. As respects Hubbard's contention, the record is less than adequate to determine the extent of business that Hubbard does in Macon County.
The issue involved here has recently been settled by our supreme court. Even though a foreign corporation does not transact business in a certain county, if that foreign corporation is joined in a suit with another corporate defendant (either domestic or foreign) which does transact business in the forum county, then venue is proper. Ex parte Walker, 554 So.2d 996 (Ala.1989). Venue in Macon County, Alabama is proper in this case.
We also point out that Amendment 473 (amending Ala. Const. art. XII, § 232) would result in a similar decision because Ford is engaged in and is performing some of the business functions for which it was created.
Last, we must determine whether § 6-3-21.1 operates to characterize the failure of the trial court to transfer or change venue (for the convenience of the parties or witnesses or in the interest of justice) as an abuse of discretion, or as an arbitrary and capricious exercise of discretion.
Petitioners argue that the application of the doctrine of forum non conveniens should operate to cause a transfer of this suit to Lee County, Alabama.
Any additional inconvenience to Ford's parties and witnesses seems quite insignificant as between Macon and Lee Counties. Also, any additional inconvenience to Hubbard would seem to be the same in relation to Kilgore, were the motion to transfer granted and the suit continued in Lee County. We cannot fathom how, under the circumstances before us, "the interest of justice" would be served any better by litigation in Lee County versus Macon County. The burden of proof is upon the movant. We find no clear abuse of discretion nor an arbitrary and capricious exercise thereof by the trial court.
The writ is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.