705 So.2d 836 (1997)
Ex parte ASSOCIATES FINANCIAL SERVICES COMPANY OF ALABAMA, INC.
(Re Johnnie L. FANIEL, Sr. v. ASSOCIATES FINANCIAL SERVICES COMPANY OF ALABAMA, INC.).
1952073.
Supreme Court of Alabama.
August 22, 1997.
Rehearing Denied October 24, 1997.
*837 J. Fairley McDonald III and Richard H. Gill of Copeland, Franco, Screws & Gill, P.A., Montgomery; and R. Carlton Smyly of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, for petitioner.
Charles A. McCallum III and Charles M. Elmer of Campbell & Waller, L.L.C., Birmingham, for respondent.
SHORES, Justice.
Associates Financial Services Company of Alabama, Inc., the defendant in an action pending in the Greene Circuit Court, petitions for a writ of mandamus directing the trial judge to transfer this case from Greene County to Houston or Bullock County. We deny the writ.
The plaintiff, Johnnie L. Faniel, Sr., filed his initial complaint on May 8, 1996, alleging fraudulent practices on the part of Associates in connection with consumer credit transactions; he alleged that these practices violated the Alabama Mini-Code, § 5-19-1 et seq., Ala.Code 1975. The plaintiff's claims relate specifically to the practice of "flipping."[1]
Associates responded by filing a motion to transfer, in which it sought a change of venue based upon the doctrine of forum non conveniens, relying on § 6-3-21.1, Ala.Code 1975. This motion to transfer assumed that venue was proper in Greene County. The trial court set a date for a hearing; in the interim, the plaintiff moved for class certification. The trial judge conditionally certified two statewide classes. Associates then amended its motion to transfer, alleging that, under § 6-3-7, Ala.Code 1975, venue in Greene County was improper. The plaintiff amended his complaint to allege a breach of contract.
The trial judge heard oral arguments on Associates' motion to transfer, as amended to allege improper venue, and entered an order that stated in pertinent part:
"1. The Defendant's Amendment to Motion to Transfer on grounds of improper venue is denied as the motion is untimely, has been waived, and/or is inconsistent with the Defendant's initially filed Motion to Transfer under § 6-3-21.1, which presupposes venue is proper in this County.
"2. The Defendant's Motion to Transfer on grounds of forum non conveniens is held pending discovery limited to class certification issues, because a final decision on class certification may have an impact on any determination of where this action should be litigated. This is, if this action is suitable for statewide class treatment, there is no question that litigating the action here would be appropriate.
"3. On Defendant's Motion to Reconsider and Vacate Order conditionally certifying class, the Court hereby decertifies the conditional class, without prejudice, until the Court conducts a full evidentiary hearing."
Associates claims that the trial judge abused his discretion or acted contrary to law relating *838 to the venue question by delaying his ruling on the motion to transfer based upon the forum non conveniens statute.
A writ of mandamus is a drastic and extraordinary writ to be issued only where there is a "`(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'" Ex parte Auto-Owners Ins. Co., 548 So.2d 1029 (Ala.1989) (quoting Ex parte Edgar, 543 So.2d 682 (Ala.1989)); Ex parte Pearson Management Co., 667 So.2d 48 (Ala.1995). Under the facts and circumstances of the present case, Associates has no "clear legal right" to an order transferring the case. Associates waived the right to raise the question whether venue was proper under § 6-3-7, Ala.Code 1975, and venue in Greene County was made proper by the amendment to the complaint. Rule 12(b), Ala. R. Civ. P.; Till v. State, 595 So.2d 871 (Ala.1992).
We find no clear abuse of the trial judge's discretion, nor any arbitrary or capricious exercise thereof, in the judge's delaying a ruling on the motion to transfer pending consideration of limited discovery on issues of class certification that are relevant to the motion. A delay in ruling on a motion is not, as Associates argues, an ipso facto denial of the motion, nor is it in this case an abuse of discretion. Ex parte Ford Motor Credit Co., 561 So.2d 244 (Ala.Civ.App.1990).
For the reasons stated above, the petition for the writ of mandamus is due to be denied.
WRIT DENIED.
ALMON, KENNEDY, and COOK, JJ., concur.
RICHARD L. HOLMES, Retired Appellate Judge, concurs.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.
BUTTS, J., recuses.
HOOPER, Chief Justice (dissenting).
I dissent, and I write to explain why I agree with Justice Maddox's dissenting opinion. The class action is a unique action at law. Unlike a normal plaintiff, the plaintiff members of the class need not even appear at court. This aspect of the class action was enough to cause at its inception a great deal of controversy.[2] It is critical that courts, in particular the highest court of this State, make sure that the rules surrounding the use of the class action be strictly enforced. The potential for abuse of procedure is accentuated in unique types of actions like the class action.
The federal courts have noticed the problem and have recently sought to restrict class actions by preventing the loose application of the rules. In re Rhone-Poulenc Rorer Inc., 51 F.3d 1293 (7th Cir.), cert. den., 516 U.S. 867, 116 S.Ct. 184, 133 L.Ed.2d 122 (1995) (decertification of class because certification would effectively act to coerce defendants into settling); In re American Medical Systems, Inc., 75 F.3d 1069 (6th Cir.1996) (plaintiff class did not meet the four elements required for Rule 23, F.R.Civ.P., certification); Castano v. American Tobacco Co., 84 F.3d 734 (5th Cir.1996) (variations in state law would control the outcome and made a *839 nationwide class unmanageable); Georgine v. Amchem Products, Inc., 83 F.3d 610 (3d Cir.1996) (settlement class must be held to the same standards as a litigation class). Recently, the Civil Rules Advisory Committee, the committee that proposed the 1966 amendments to Federal Rule 23 that created the modern class action, has been reviewing Rule 23 in an attempt to regain some control over its 1966 creation. The problem in the case at bar is perhaps unique to Alabama, but the efforts that are being made at this time to rein in federal class actions is indicative of the problems that can arise if the rules governing class actions are not strictly and carefully followed.
We have a case filed in a county where venue is patently improper. Yet, the trial judge, anticipating that a class action will be certified, has said he will not transfer the case to the proper county. The practical implication of such a decision is to encourage forum shopping. Based on such reasoning, as long as a class action may be certified sometime in the future, venue is proper wherever the plaintiff chooses to file the action. This rationale destroys the venue principle and is clearly a subversion of Alabama law regarding venue. This Court's approval of such a decision by a trial judge encourages violation of Amend. 328, § 6.11, Const. of Ala.1901, which states that, by the exercise of its rulemaking power, this Court "shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein" (emphasis added).
I understand that it can be argued that the defendant waived the venue issue by filing a motion for transfer based on the statutory forum non conveniens provision. I also understand why the plaintiff amended the complaint to add the contract claim. However, I see too much potential for abuse of the class action in this type of decision by a trial court. I consider the threat this case poses to Alabama's rules regarding venue to outweigh any procedural concern over waiver. This Court has a responsibility to assure the public that abuses of this kind will not continue. We must discourage forum shopping, and we must not allow the courts of this State to go beyond the mandate of Amend. 328, § 6.11.
MADDOX, Justice (dissenting).
The legal issue presented in this case is correctly stated by the petitioner: "[C]an the trial judge for a county in which the named plaintiff has never lived, where no transaction between the named plaintiff and the defendant ever occurred, and where the defendant has no office, employees, or documents, refuse to transfer the case to a county where venue is proper for the named plaintiff's claims?"
The answer to that question is obviously in the negative; therefore, I must respectfully disagree with the majority's conclusion that the trial judge did not abuse his discretion.
My dissenting view is based upon these basic legal conclusions: (1) the Legislature, not this Court, determines venue and (2) the Legislature, in adopting § 6-3-21.1, Ala. Code 1975, the so-called forum non conveniens statute, clearly intended that actions such as this one should be transferred.
The facts of this case are undisputed. On May 8, 1996, Johnnie L. Faniel, Sr., a resident of Union Springs, Bullock County, filed in Greene County an action against Associates Financial Services Company of Alabama ("Associates"), a domestic corporation incorporated in Jefferson County. Faniel alleged that Associates had fraudulently suppressed material facts and had violated the Alabama Mini-Code, § 5-19-1 et seq., Ala.Code 1975, in connection with a consumer credit transaction involving him and agents of Associates that took place at Associates' office in Houston County.[3]
In its first response, filed on June 24, 1996, Associates moved for a change of venue, based upon the doctrine of forum non conveniens, as provided for in § 6-3-21.1, Ala. *840 Code. 1975, and in support of its motion it presented the following facts, which were not challenged by Faniel: (1) Faniel, the plaintiff, does not live in Greene County, but, instead, lives in Union Springs, Bullock County, Alabama; (2) Associates has no office in Greene County; (3) the loans that are the subject matter upon which the complaint is based were obtained from Associates' office in Dothan, Houston County, Alabama; (4) no communications or actions relating to the subject matter of this dispute occurred in Greene County; and (5) no witnesses, documents, or other evidence concerning Associates' dealings with the plaintiff occurred in Greene County.
In its motion to transfer, Associates asked the Circuit Court of Greene County to transfer the cause to Houston County or, alternatively, to Bullock County.
The trial court set September 5, 1996, for a hearing on the motion to transfer. In the interim, Faniel, on August 12, 1996, filed a "Motion for Class Certification." The trial judge granted Faniel's motion on the same day it was filed; in its August 12, 1996, order, the court conditionally certified two statewide classes, stating:
"On the authority of Ex parte Voyager Ins. Co., 669 So.2d 198 (Ala.Civ.App.1995), the Court finds that it is appropriate to conditionally certify this case as a Rule 23(b)(3) opt-out class action pursuant to Rule 23(c)(1) of the Alabama Rules of Civil Procedure in order to preserve the status quo, protect the interests of the putative class, and to preserve unto this Court an opportunity to fully assess and determine the suitability of this cause for class treatment."
On August 29, 1996, Associates amended its June 24, 1996, transfer motion to allege that under the provisions of § 6-3-7, Ala. Code 1975, Greene County was not a proper venue.[4] Subsequently, the plaintiff, on September 4, 1996, amended the original complaint to allege a claim for breach of contract.
On September 5, 1996, the date set for the hearing on the defendant's motion to transfer, the trial judge heard oral arguments on that motion, as amended, and on September 6, 1996, it entered the following order:
"1. The Defendant's Amendment to Motion to Transfer on grounds of improper venue is denied as the motion is untimely, has been waived, and/or is inconsistent with the Defendant's initially filed Motion to Transfer under § 6-3-21.1, which presupposes venue is proper in this County.
"2. The Defendant's Motion to Transfer on grounds of forum non conveniens is held pending discovery limited to class certification issues, because a final decision on class certification may have an impact on any determination of where this action should be litigated. That is, if this action is suitable for statewide class treatment, there is no question that litigating the action here would be appropriate."
Faniel argues, in support of the trial court's action, that once he amended his original complaint to ask for class certification and further amended his complaint to include a contract claim, venue then became proper in Greene County, provided, of course, Associates "[did] business [there] by agent or was doing business [there] by agent at the time the cause of action arose,"[5] a fact that Associates does not dispute.
A motion for a change of venue is what was once denominated as a plea in abatement, and the Rules of Civil Procedure authorize a defendant to file such a motion before responding to a complaint. In view of the fact that the trial judge determined that Associates had waived a portion of its venue claim by not timely presenting it, I will address that point first.
This Court addressed the question of waiver in Ex parte Till, 595 So.2d 871, 872 (Ala. 1992):
"Rule 12(b) provides, in part:

*841 "`(b) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (3) improper venue.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted.'
"Rule 12(b), therefore, requires that a claim of `improper venue' be made in the responsive pleading or in a motion filed before the responsive pleading. A `responsive pleading' in regard to a complaint is an answer. See Rule 7. If a party fails to raise a Rule 12(b)(3) objection in the first responsive pleading or in a motion filed before that first responsive pleading, the objection is waived. There is an exception to that general rule, of course; a party can waive only an objection `"then available to him."' See Jerome A. Hoffman and Sandra Guin, Alabama Civil Procedure, § 4.82 p. 256 (1990). The exception provides that an objection to the venue of an action may be raised after an amended complaint is filed, if the impropriety of venue appears for the first time in the complaint as amended. Id."
(Emphasis original.)
The procedural history of this case could be summarized as follows: Faniel filed his initial complaint, in which he primarily alleged fraud, on May 8, 1996, and this complaint was served on Associates on May 13, 1996. Associates, in its first response, filed on June 24, 1996, sought a transfer of the action based upon the doctrine of forum non conveniens, as provided for in § 6-3-21.1, Ala. Code 1975. The trial court set a date for a hearing on the initial motion to transfer on forum non conveniens grounds, for September 5, 1996. In the interim, on August 12, 1996, the plaintiff filed a motion for class certification, which the trial judge granted on the same day it was filed; in its order granting that motion, the trial judge conditionally certified two state-wide classes. After the court entered that order, Associates amended its motion to transfer, on August 29, 1996, to allege that venue was improper under the provisions of § 6-3-7.[6] On September 4, 1996, one day before the date set for a hearing on Associates' motion to transfer, Faniel amended the original complaint to allege a breach of contract claim.
The procedural history of this case, especially in regard to the timing of the various filings, indicates that this is a case of "forum shopping," a practice I believe the Legislature had in mind when it adopted § 6-3-21.1. Clearly, the facts of this case meet the criteria for applying the provisions of that statute, and they also meet the criteria for applying the provisions of Rule 1, Ala.R.Civ.P., calling for the "just" determination of every action. Unquestionably, it would be more "just" to allow Associates to defend this case in either Houston County, where the transaction took place, or in Bullock County, where the plaintiff lives.
When this Court adopted the Rules of Civil Procedure, the central theme was expressed in Rule 1, that technicalities were to be eliminated in order to do justice. In this case, the procedural matters of when things were filed, what was alleged, and whether something was waived or not, cannot change the fact that this opinion allows a trial judge for a county in which the named plaintiff has never lived, where no transaction between the named plaintiff and the defendant ever occurred, and where the defendant has no office, employees, or documents, to refuse to transfer a case to a county where venue is proper for the named plaintiff's claims. The Legislature has spoken, and this Court should not allow a trial judge to refuse to transfer a case that so obviously should be transferred.
The law states that "[t]he question of proper venue is to be determined as of the time the action is filed." Elmore County Comm'n v. Ragona, 540 So.2d 720, 725 (Ala.1989). This Court has also held:

*842 "The doctrine of forum non conveniens was formally adopted in this state and codified at s 6-3-21.1, Ala.Code 1975; the doctrine has a field of operation only where an action is commenced in a county in which venue is appropriate. Transfers under this Code section are within the discretion of the trial judge. The purpose of the doctrine is to prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience. Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991).[7] ... The burden of proof under this doctrine is on the defendant to prove to the satisfaction of the trial court that the defendant's inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiff's right to choose the forum is overcome. Stated differently, the transferee forum must be significantly more convenient than the forum in which the action is filed by the plaintiff, to justify transfer. Ex parte Townsend, 589 So.2d at 714."
Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995).[8]
Based on my reading of the applicable law, and applying the provisions of our Rules that are designed to promote justice, I think that, in the interest of justice, Associates has a substantive right to have this action transferred to a more convenient forum.
I believe further that Associates has used the proper remedy to quicken this Court's jurisdiction. The proper procedural device for challenging the transfer of a case to another venue or the refusal to transfer a case is a petition for the writ of mandamus.[9] I recognize that a writ of mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. I also recognize that mandamus may not be issued to control or review the exercise of discretion except where an abuse of discretion is shown. Ex parte Ford Motor Credit Co., 561 So.2d 244 (Ala.Civ.App.1990), citing, Ex parte Auto-Owners Ins. Co., 548 So.2d 1029 (Ala.1989). While this case, from a procedural standpoint, is complicated, and while it could be said that the trial judge has not issued a final ruling on Associates' motion to transfer, the trial judge, by refusing to enter a final transfer order, cannot change the facts, which clearly show that Associates has a clear legal right to have this action tried in the proper venue or in a venue that would be convenient for the parties and would serve the interest of justice.
Furthermore, whether this action is certified as a class action or not, Greene County is not the most convenient forum. At the time the venue issue was raised, the only parties properly before the court were the named plaintiff and defendant.[10] Before a class action can be certified, the plaintiff must establish, through sufficient evidence, that each of the requirements of Rule 23, Ala. R. Civ. P., is satisfied. Ex parte Green Tree Financial Corp., 684 So.2d 1302 (Ala. 1996); Ex parte Exide Corp., 678 So.2d 773 (Ala.1996); Ex parte Blue Cross & Blue Shield, 582 So.2d 469 (Ala.1991); Rowan v. First Bank of Boaz, 476 So.2d 44 (Ala.1985). *843 Consequently, the original parties to this action will determine the proper venue of this action and not any future members of a class.
Based upon the foregoing, I disagree with the majority. I would hold that the trial judge erroneously linked Associates' motion to transfer to a determination of Faniel's motion for class certification and thereby abused his discretion. I would grant the mandamus petition and order the trial court to grant Associates' motion to transfer.
HOOPER, C.J., and HOUSTON and SEE, JJ., concur.
NOTES
[1] "Flipping" is the practice of inducing borrowers to refinance existing loans when they need more credit, rather than making new and separate loans.
[2] The traditional reference to the group litigation of equity in the 17th century has been used as a historic justification for the modern class action of the 20th century. However, Yeazell has effectively revised that history to show that early group litigation involved social groups that were already cohesive entities that chose representatives before ever appearing in court. The reasons for that early group litigation bear little resemblance to the justifications given for the modern class action. In the 18th and 19th centuries, group litigation disappeared from the reports. See Stephen C. Yeazell, Group Litigation and Social Context: Toward a History of the Class Action, 77 Col. L.Rev. 866, 867, 872, 877-78 (1977) ("every sixteenth- and seventeenth-century case of group litigation I have found involves the members of rural agricultural communities manorial tenants, villagers, and parishioners"; "early group litigation did not perform the task which it does in modern class litigationthe overcoming of transaction costs, costs which in the typical modern representative suit are insuperable"; "To the modern observer ... a requirement of individual consent in advance of the suit is at odds with the central purpose of the device [the class action]overcoming of the costs of organizing an unconnected mass of individuals into a litigative entity").
[3] Specifically, the plaintiff alleged that Associates "has engaged in the fraudulent practice of `flipping', that is, by requiring and soliciting Plaintiff... to refinance each and every loan so that [he has] one loan at a time from Defendant. [By soliciting] Plaintiff to engage in this practice and refusing to allow more than one existing loan, Defendant insured that [it] imposed higher finance charges, interest, and fees...."
[4] Section 6-3-7 states, in part: "[A]ll actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence." (Emphasis added.)
[5] Faniel cites § 6-3-7, Ala.Code 1975.
[6] Rule 15, Ala. R. Civ. P, provides, of course, that amendments to pleadings usually relate back to the date of the original filing of the pleading.
[7] Section 6-3-21.1(a) reads, in part, as follows: "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
[8] Clearly, this Court cannot change the substantive law of venue. Although this Court has been granted the power to make rules of practice and procedure, the people, when they ratified Amendment 328 to their Constitution, granting this Court rule-making power, specifically stated that this Court "shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein." Amend. 328, § 6.11, Const. of Ala.1901.
[9] See, e.g., Ex parte Lashley, 596 So.2d 890, 891 (Ala.1992); Rule 82(d)(1), Ala. R. Civ. P.
[10] Ex parte First National Bank of Jasper, 675 So.2d 348 (Ala.1995); Hall v. City of Dothan, 539 So.2d 286 (Ala.Civ.App.1988).