PER CURIAM.
Ford Motor Company (“Ford”), the defendant in a wrongful-death action pending in the Barbour Circuit Court, petitions this Court for a writ of mandamus directing the trial court to transfer the action to the Montgomery Circuit Court. We grant the petition and issue the writ.

I. Factual Background and Procedural History

On April 5, 2006, Deborah S. Siniard was driving a 1999 Mercury Mountaineer sport-utility vehicle north on Interstate 65 in Montgomery County when the vehicle left the road and rolled over. Siniard died in the accident. Siniard, a Tennessee resident, had purchased the vehicle in Tennessee from a Tennessee dealership, Jim Sloan Ford, Inc. Daniel Siniard, Deborah’s husband and the administrator of her estate, filed an action in the Clayton division of the Barbour Circuit Court against Ford and Jim Sloan Ford, Inc. The trial court granted the motion to dismiss filed by Jim Sloan Ford, Inc., based on lack of personal jurisdiction, leaving only Ford as a defendant.
Siniard’s complaint alleged that the roof, seat, and/or seat-belt system in the vehicle were defective and unreasonably dangerous in their design, manufacture, and/or marketing and that Ford was liable under the Alabama Extended Manufacturer’s Liability Doctrine (“the AEMLD”). Siniard also alleged negligence and wantonness. In paragraph five of the complaint, Siniard averred that “[vjenue is proper pursuant to Ala.Code (1975) § 6-3-7(a)(4).”
In its answer to the complaint, Ford denied the allegation of paragraph five and stated as its 10th defense that “[tjhis Defendant hereby affirmatively pleads improper venue in this case.”[1] On June 27, 2008, however, Ford filed a motion to transfer the case to Montgomery County based on the doctrine of forum non conve-niens, codified in § 6-3-21.1, Ala.Code 1975. Ford supported its motion in part by affidavits from State Trooper Wayne Dailey, the investigating officer on the scene of the accident; State Trooper Steve Jarrett, the officer who responded to the *237 accident and who helped with the investigation; and Jane Armstead, an eyewitness. The two troopers testified in their respective affidavits that they work and reside in Montgomery County and that it would be a hardship for them to testify in the Clayton division of Barbour County, which is located 70 miles from Montgomery. Armstead, a resident of Culleoka, Tennessee, testified in her affidavit that it would be more convenient for her to testify in Montgomery.[2]
On December 10, 2008, the trial court entered an order denying Ford’s motion to transfer the case. The order provided, in pertinent part:
“This matter comes before the Court upon the motion to transfer [this case] for forum non conveniens filed by the Defendant, Ford Motor Company (‘Ford’). After considering each party’s brief and oral arguments, it is CONSIDERED and ORDERED that Ford’s motion to transfer for forum non conve-niens is DENIED. This Court finds that the Defendant has failed to meet its burden of proof under Ala.Code (1975) § 6-3-21.1. See also, Ex parte Alabama Power Co., 640 So.2d 921 (Ala.1994); Ex parte Independent Life & Accident Ins. Co., 725 So.2d 955 (Ala.1998); Ex parte Suzuki Mobile, Inc., 940 So.2d 1007 (Ala.2006); Ex parte Volvo Trucks North America, 954 So.2d 583 (Ala.2006).”
(Capitalization in original.)
Ford filed a petition for a writ of mandamus, asking this Court to order the trial court to transfer the case from the Barbour Circuit Court to the Montgomery Circuit Court.

II. Standard of Review

“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.’ Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).

III. Analysis

Section 6-3-21.1(a), Ala.Code 1975, provides, in pertinent part:
‘With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
*238 (Emphasis added.) “A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice.” Ex parte National Sec. Ins. Co., 727 So.2d at 789.
Ford contends that both the “convenience of parties and witnesses” and the “interest of justice” warrant the transfer of the action from Barbour County to Montgomery County. We agree.
As noted above, the two state troopers who responded to the accident both testified that it would be more convenient for them to testify in Montgomery County than in the Clayton division of Barbour County. Their affidavits explain that they both live and work in Montgomery County and that testifying in Barbour County would disrupt their work as public servants; Trooper Jarrett further explained that he had supervisory duties that would be disrupted if he were required to go to Barbour County to testify. Ford also notes that Haynes Ambulance of Alabama responded to the accident and that the principal office for Haynes Ambulance is located in Montgomery; Ford asserts that paramedics from Haynes Ambulance, as well as other witnesses who were present at the site of the accident soon after it occurred, will offer testimony regarding their observations as to the position of the decedent’s body, whether the decedent was wearing a seat belt, and other circumstances they observed that may be probative of the manner in which the accident occurred or its cause.[3]
Ford argues that the foregoing considerations are material because, it argues, the purpose of allowing a transfer of a case “for the convenience of parties or witnesses” is to “ ‘prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience.’ ” Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala.2003) (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995)). Ford also notes that this Court has stated that “litigation should be handled in the forum where the injury occurred.” Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006).
With respect to the “interest-of-justice” provision of § 6 — 3—21.1(a), we have held that “the ‘interest of justice’ require[s] the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.” Ex parte National Sec. Ins. Co., 727 So.2d at 790 (emphasis added). In expounding on this standard, we have stated:
“[I]n examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ ”
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008) (quoting Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007)).
In this action, it is undisputed that the accident occurred in Montgomery County, that the authorities that responded and investigated the accident are located in Montgomery County, that relevant witnesses are located in Montgomery County, and that venue is proper in Montgomery County. It is also undisputed that Deborah S. Siniard, the decedent, resided in *239 Tennessee, that Daniel Siniard currently resides in Tennessee, and that the vehicle that is the subject of the action was purchased in Tennessee. Although Ford apparently did business by agent in Barbour County at the time of the accident, it no longer does so. So far as this Court is aware, the only current connection between Barbour County and this action is that Siniard chose to file the action in that county.
This Court recently decided Ex parte Navistar, Inc., 17 So.3d 219 (Ala.2009), a case with similar relevant facts. Navistar concerned a single-vehicle heavy-truck rollover accident in which Edward Stewart, the driver of the truck, was killed. The accident occurred in Colbert County. Stewart’s daughter and the administratrix of his estate, Brooklyn Price, filed an action in Barbour County against Navistar— the designer, engineer, and manufacturer of the truck. Price sought damages for Navistar’s alleged negligence and wantonness and its alleged violation of the AEMLD, asserting that the truck was not “crashworthy.” Navistar moved to transfer the case to Colbert County based on the doctrine of forum non conveniens. It was undisputed that Price did not reside in Barbour County, that the truck was not purchased or manufactured in Barbour County, and that the accident did not occur in Barbour County. This Court concluded that the case should be transferred to Colbert County based on the interest-of-justice prong of § 6-8-21.1, Ala.Code 1975, because the accident occurred in Colbert County, while the only connection to Barbour County was that another purchaser of other Navistar trucks of the same model was located in Barbour County. This Court stated that “[t]he venue in which the product evidenced its alleged defect — the place where the accident occurred and potential witnesses reside — has a legal connection that in the interest of justice requires a transfer of venue of this case to that venue.” 17 So.3d at 222.
As in Navistar, in the present case the place where the accident occurred — Montgomery County — has a strong connection to the action. The only connection in Nav-istar between the action and the county in which the action had been filed — Barbour County — was the fact that Navistar sold a large number of trucks to a trucking company whose principal place of business was located in Barbour County. Here, there is no current connection whatsoever between the action and the county in which the action was filed — Barbour County — other than the fact that Siniard filed the action in that county. Simply put, “there is no witness, no document, no transaction, or anything else that would give the action a nexus with [Barbour] County that would justify burdening that county with the trial of the case.” Ex parte National Sec. Ins. Co., 727 So.2d at 790. Thus, even more than in Navistar, the facts in this case dictate that in the interest of justice the action must be transferred from Barbour County to Montgomery County.
Siniard complains that the interest-of-justice prong of the forum non conveniens doctrine is the product of “divinely inspired analysis” by this Court that “has no defined parameters that are subjective or objective.” As a result, Siniard states that he “finds himself at a loss as to how to present an argument.”
What Siniard does argue, however, is that Ford “did not meet its burden of proof [of] establishing that § 6-3-21.1 applies to the facts of this case.” Siniard quotes Ex parte Volvo Trucks North America, Inc., 954 So.2d 583, 585 (Ala.2006), for the proposition that “[t]he doctrine [of forum non conveniens ] is applicable only when the action is commenced in a county in which venue is appropriate.” *240 Ironically, Siniard argues that Ford did not meet its burden because Ford “failed to offer evidence that Barbour County”— the county in which Siniard himself filed this action — “was [a] proper venue at the time this action was filed.” He notes that Ford denied in its answer that venue was proper in Barbour County and contends that Ford never presented evidence to the trial court establishing that venue was proper in Barbour County before it filed its motion to transfer the case to Montgomery County. Indeed, Ford’s memorandum brief in support of its motion for a change of venue explicitly stated that “[t]his case has no connection whatsoever with Barbour County, Alabama,” and that Ford “does not do business by agent in Barbour County....”
On appeal, Ford asserts in its petition that, at the time the accident occurred, Ford had a dealership located in Barbour County — Beatty Ford in Clayton, which is no longer in operation — making Barbour County a proper venue under § 6-3-7(a)(4), Ala.Code 1975 (setting venue “in any county in which the [corporate defendant] was doing business by agent at the time of the accrual of the cause of action”).[4] Siniard notes, however, that there is no mention of the Ford dealership in any of the parties’ filings before the trial court. Because Ford presented no “evidence” to the trial court indicating that venue was appropriate in Barbour County, Siniard argues, Ford failed to meet its burden of proving that the doctrine of forum non conveniens applies in this case.
In support of his position, Siniard cites Ex parte AIG Baker Orange Beach Wharf, L.L.C., 12 So.3d 1204 (Ala.2009). In AIG Baker Orange Beach, however, it was undisputed that Jefferson County was an improper venue for the action. Because no dispute concerning that fact existed, the Court did not address whether the plaintiffs had the burden of proving that venue in Jefferson County was proper before invoking the doctrine of forum non conve-niens. No such unanimity concerning Barbour County as an improper venue exists in this case.
Although in its answer Ford disputed that Barbour County is a proper venue, it later filed a motion for a change of venue based only on the doctrine of forum non conveniens, which, of course, it was free to do as an alternative to pursuing the allegation in its complaint regarding venue.[5] In so doing, Ford merely took as the premise for its motion the allegation in Siniard’s own complaint that venue was proper in Barbour County.[6]
*241 Furthermore, Siniard never disputed in the trial court the allegation in his own complaint that venue is proper in Barbour County.[7] Thus, the opposite of the facts in AIG Baker Orange Beach exists here: far from conceding that venue is improper in Barbour County, both parties conceded to the trial court for purposes of the motion for a change of venue that Barbour County is an appropriate venue.
The import of Siniard’s argument is that Ford had the burden of proving that venue in Barbour County was proper when the only party that disputed this fact at any time during the procedural history of this case was Ford itself. Put another way, the party that filed this action in Barbour County, that expressly alleged in his complaint that venue was proper in Barbour County, and that never took any different position before the trial court, now complains on appeal that the opposing party failed to prove that venue in Barbour County was proper. Had Siniard made in the trial court the argument he now makes in this Court, he would have been asking the trial court to keep the action in Barbour County on the ground that Barbour County was not a proper venue for the action. This argument defies common sense. It also conflicts with our rules of appellate review because ‘“[t]his Court cannot consider arguments raised for the first time on appeal; our review is restricted to the evidence and arguments considered by the trial court.’ ” Marks v. Tenbrunsel, 910 So.2d 1255, 1263 (Ala.2005) (quoting Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992)).
Ford has demonstrated that the facts in this case warrant a transfer of the case from Barbour County to Montgomery County “for the convenience of parties and witnesses” and in the “interest of justice.” Siniard offers no meaningful argument to the contrary. Accordingly, we conclude that the trial court exceeded its discretion in denying Ford’s motion for a change of venue based on the doctrine of forum non conveniens.

IV. Conclusion

Section 6-3-21.1(a), Ala.Code 1975, requires the transfer of this action from Barbour County to Montgomery County. We therefore grant Ford’s petition for the writ of mandamus and direct the Barbour Circuit Court to enter an order transferring this action to the Montgomery Circuit Court.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.
MURDOCK, J., concurs in the result.

. Ford initially removed this action to federal court and filed its answer in that court.

. Armstead later filed another affidavit, however, in which she stated that it would not be inconvenient for her to travel to either county.

. Ford asserts in its brief that, “upon information and belief,” none of the witnesses needed for trial are residents of Barbour County.

. Ford's statement in its memorandum brief in support of its motion for a change of venue that it “does not do business by agent" in Barbour County does not necessarily contradict this assertion because the dealership may have ceased its operation before Ford filed its motion.

. This is evident from the fact that nothing prevents a defendant from pleading both grounds in the alternative, see Rule 8(e)(2), Ala. R. Civ. P., or from filing a motion to transfer based on both grounds as alternative arguments, see, e.g., Ex parte National Sec. Ins. Co., 727 So.2d at 789 (noting that "National Security filed motions to dismiss or to transfer the action to Elmore Circuit Court, based on improper venue and on the doctrine of forum non conveniens Ex parte Alabama Great Southern R.R., 788 So.2d 886, 890 n. 6 (Ala.2000) (stating that because the Court granted Alabama Great Southern Railroad's "petition for the writ of mandamus on the ground of improper venue, we pretermit discussion of its alternative ground — the statutory forum non conveniens provisions”).

.Compare Ex parte Associates Fin. Servs. Co. of Alabama, Inc., 705 So.2d 836, 837 (Ala.1997) (noting that the motion for a change of venue based upon the doctrine of forum non conveniens assumed that venue was proper in the forum in which the motion was filed).

. In his opposition to Ford’s motion to transfer the case, Siniard contended that Ford failed "to meet [its] burden of proof under § 6-3-21.1,” not because it did not demonstrate that Barbour County was a proper venue, but because Ford allegedly failed "to establish that Montgomery County is a 'significantly' more convenient venue so as to override [Siniard’s] right to choose [his] forum."