MURDOCK, Justice
(dissenting).
Athough the interest-of-justice prong of our forum non conveniens statute, § 6-3-21.1, Aa.Code 1975, plays a necessary role in some cases, I question whether this Court has extended the statute’s application in other cases beyond what was intended by the legislature. Among other *752 things, my special writing in Ex parte Ford Motor Co., 47 So.3d 234 (Ala.2010), reflects this concern. I indicated in that writing, and I continue to believe, that there is insight and wisdom in Justice Hugh Maddox’s opinion for this Court in Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala.1998):
“In Ex parte First Family Financial Services, Inc., 718 So.2d 658, 661 (Ala.1998), Justice Maddox, writing for the Court, stated that a change of venue based on forum non conveniens is appropriate only ‘ “ ‘when trial in the chosen forum would “establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiffs convenience,” or when the “chosen forum [is] inappropriate because of considerations affecting the court’s own administrative and legal problems.” ’ ” ’ (Quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), quoting in turn Roster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).) As Justice Maddox went on to explain, a transfer based on improper venue normally should occur only where the balance of ‘the private- and public-interest factors involved .weight] heavily against litigation in the forum the plaintiff selected.’ 718 So.2d at 661.9
" 9 The views expressed by Justice Maddox on behalf of the Court in First Family Financial Services are consistent with the notion that venue statutes such as § 6-3-7 reflect a legislative determination that the statutorily prescribed locations are generally and presumptively just and appropriate.”
Ford Motor Co., 47 So.3d at 243 (Murdock, J., concurring in the result).
I am not persuaded that the standard expressed by this Court through the opinion authored by Justice Maddox in First Family is satisfied in this particular case.