MURDOCK, Justice
(dissenting).
Under the circumstance presented in this case, I cannot conclude that the fact that “the vehicle in question ... was placed in the stream of commerce within the territorial jurisdiction of the Bessemer *606 Division of Jefferson County,” as stated in the trial court’s order, provides any basis for concluding that the “event[ ] ... giving rise to the claim” before us occurred in Jefferson County for purposes of § 6-3-7(a)(1), Ala.Code 1975, or that the cause of action in this case arose in the Bessemer Division for purposes of § 2 of the Bessemer Act. The sale of the vehicle by which it was originally placed into the stream of commerce in Alabama occurred some 13 years before the “accident” sued upon here. That sale was to a stranger to this litigation; the plaintiff bought the vehicle in Tuscaloosa County years later from a third party. The accident that gave rise to this action occurred in Tuscaloosa County.
The fact that 18 years ago Bessemer was the point of entry into the stream of commerce for the vehicle in question may or may not be significant for a minimum-contacts analysis in an effort to justify the exercise of long-arm jurisdiction by an Alabama court over an out-of-state entity consistent with the Due Process Clause of the Federal Constitution. Even assuming that it would be, however, that does not mean that the sale of the vehicle in Bessemer constitutes an “event giving rise to the claim” at issue or that it defines the location where the claim “arose.” In my view, the events giving rise to the claim at issue here include such matters as the improper design or improper manufacture of the vehicle, as well as the eventual manifestation of that improper design or manufacture (i.e., the malfunction of the vehicle) and the “accident” or other occurrence by which the decedents were injured as result of that malfunction. See Ex parte Ford Motor Co., 47 So.3d 234, 241 (Ala.2010) (Murdock, J., concurring in the result).[5]
As the main opinion observes, however, all parties accepted the entry-into-the-stream-of-commerce event as an event that gave rise to the claims before us and, on this basis, “agreed” with one another in the trial court that venue in the Bessemer Division was appropriate. Accordingly, my views on these issues provide no basis for disagreement with the result achieved by the main opinion in this case.[6]
My concern as to the manner in which this Court has come to understand and apply the “interest-of-justice” prong of Alabama’s forum non conveniens statute, § 6-3-21.1, Ala.Code 1975, however, does compel me to dissent. Although the facts presented would appear sufficient to support a decision to transfer the case to Tuscaloosa County based upon the “con-venienee-of-parties-and-witnesses” prong of § 6-3-21.1, the defendants here rely solely upon the “interest-of-justice” prong of that statute. Consistent with the views I have expressed regarding this Court’s recent jurisprudence regarding the interest-of-justice prong of § 6-3-21.1, I see no basis in the materials before us warranting the trial court’s further consideration of a transfer based on the interest-of-justice prong. See Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 751 (Ala.2010) (Murdock, J., dissenting); Ex parte Ford *607 Motor Co., supra (Murdock, J., concurring in the result). I therefore respectfully dissent.
WISE, J., concurs.

. Even if it could be said that the sale of the vehicle to a stranger to this litigation some 18 years ago was an event giving rise to the current claim, I certainly do not see how such an occurrence would constitute "a substantial part” of the events giving rise to the claim now before us for purposes of § 6 — 3—7(a)(1) or would be sufficient to establish where a claim of the nature presented here "arose” within the meaning of § 2 of the Bessemer Act.

. Although I also have concerns as to some aspects of the decision in Ex parte Haynes Downard Andra & Jones, LLP, 924 So.2d 687 (Ala.2005), upon which the main opinion relies in part, we are not asked to revisit that decision here.