STUART, Justice.
International Refining and Manufacturing Company, Inc. (“International Refining”), the defendant in a declaratory-judgment action pending in the Jefferson *872 Circuit Court, petitions this Court for a writ of mandamus directing the trial court to transfer the action to the Fay-ette Circuit Court. We grant the petition and issue the writ.

Factual Background and Procedural History

From 1964 to 2002, Arvin Industries d/b/a Arvin-Meritor, Inc. (“Arvin”), operated a plant in Fayette at which automotive mufflers were produced. Arvin closed the plant in 2002. In 2003, Bell Carr and 230 other former employees of Arvin sued Arvin in the Fayette Circuit Court alleging injuries from exposure to toxic chemicals during their employment. In 2005, the Bell Carr plaintiffs amended the complaint to add “new defendants” — the entities that manufactured or sold the toxic chemicals to Arvin — and to add various claims, including wantonness. International Refining was one of the “new defendants” named in the amended complaint.
After the first amended complaint was filed in 2005, International Refining requested and was provided a defense by Zurich Insurance Company, Zurich American Insurance Company of Illinois, and American Zurich Insurance Company (hereinafter referred to collectively as “Zurich”) pursuant to three general-liability insurance policies Zurich had issued to International Refining. The policies provided coverage for the period of June 1990 through June 1993 and required Zurich to defend and indemnify International Refining against claims for property damage and bodily injury occurring during the policy period.
On January 20, 2010, Zurich filed an action in the Jefferson Circuit Court seeking a judgment declaring that it does not have a “continuing duty” to defend and indemnify International Refining. Zurich alleged that pretrial rulings of the Fayette Circuit Court and the Alabama Supreme Court, see Carr v. International Refining & Mfg. Co., 13 So.3d 947, 955 (Ala.2009), “eliminated all claims except wantonness claims which accrued between May 6,1999, and May 6, 2005, as being barred by the applicable statute of limitations.”
International Refining moved to transfer the declaratory-judgment action to the Fayette Circuit Court pursuant to § 6 — 3—7(a)(1), arguing that the “events or omissions giving rise to” the declaratory-judgment action occurred in Fayette County. Alternatively, International Refining argued that the doctrine of forum non conveniens mandated a transfer. After considering briefs from Zurich and International Refining and conducting a hearing, the trial court denied International Refining’s motion to transfer the declaratory-judgment action.
International Refining then filed this petition for a writ of mandamus, asking this Court to order the trial court to transfer the action from the Jefferson Circuit Court to the Fayette Circuit Court.

Standard of Review

“ ‘A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows “ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ” Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).'
*873 “Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
“Applying the general rules to a petition for a writ of mandamus challenging a ruling related to venue, this Court has held: ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). ‘Our review is limited to only those facts that were before the trial court.’ Ex parte Kane, 989 So.2d 509, 511 (Ala.2008).”
Ex parte De Vega, 65 So.3d 886, 891 (Ala.2010).

Discussion

Intel-national Refining contends that the trial court exceeded the scope of its discretion by refusing to transfer the declaratory-judgment action from the Jefferson Circuit Court to the Fayette Circuit Court because, it says, § 6-3-7(a)(l), Ala.Code 1975, establishes that venue for the action is proper in the Fayette Circuit Court. According to International Refining, this Court’s decision in Vulcan Materials Co. v. Alabama Insurance Guaranty Ass’n, 985 So.2d 376 (Ala.2007), which held that the act giving rise to a declaratory-judgment action seeking to determine insurance coverage is the place where the insurer’s duty under the contract arose, requires that this action be transferred to Fayette County.
Section 6-3-7(a), Ala.Code 1975, which is entitled “Venue of actions — Against foreign and domestic corporations,” provides:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
Zurich recognizes that § 6-3-7(a) provides for the proper venue for actions in Alabama against foreign and domestic corporations. Zurich, however, maintains that even though International Refining is a foreign corporation, because International Refining is not qualified to do business in Alabama and does not do business in Alabama, § 6-3-7(a) has no application in determining venue of the declaratory-judgment action.
In DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998), this Court stated:
“In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As wé have said:
“ ‘ “Words used in a statute must be given them natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unam *874 biguous, then there is no room for judicial construction and the clearly-expressed intent of the legislature must be given effect.” ’
“Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998)(quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)).... It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers.”
Clearly subsections (2), (3), and (4) of § 6-3-7(a) provide that, when determining venue of an action against either a foreign or a domestic corporation, a court must give consideration to where the corporation has a corporate principal office in this State or where the corporation is doing business by agent in this State.[1] Section 6-3-7(a)(l), however, does not include language regarding the location of a corporation’s office or where it does business. A plain reading of § 6 — 3—7(a)(1), Ala.Code 1975, requires the conclusion that it applies to determining proper venue in actions against a corporation regardless of whether the corporation is doing business in this State. Although Zurich encourages this Court to conclude that § 6 — 3—7(a)(1) determines venue only for corporations doing business in this State, the plain language of this section does not require such a result, and this Court cannot rewrite the statute. See Ex parte Carlton, 867 So.2d 332, 338 (Ala.2003)(“[T]his Court is not at liberty to rewrite statutes or to substitute its judgment for that of the Legislature.”). Therefore, we reject Zurich’s argument that because International Refining does not do business in the State of Alabama, § 6 — 3—7(a)(1) has no application in determining the proper venue for this declaratory-judgment action.
Zurich further argues that § 6-3-7(a)(1), Ala.Code 1975, has no application in determining venue of the declaratory-judgment action because, it says, “since there [is] no applicable insurance policy for [International Refining’s] remaining exposure in the ‘Bell Carr’ litigation, events that happened in Fayette County have no impact or effect or relationship to Zurich whatsoever.” (Zurich’s response, at p. 16.) According to Zurich, the events giving rise to its filing of this declaratory-judgment action are:
1. International Refining purchased three insurance policies from Zurich for a period of 1990-1993;
2. The insurance was purchased in Illinois;
3. International Refining sent Zurich a demand to defend and indemnify it in the Bell Carr litigation in Fayette County; and
4. After this Court’s rulings in Ex parte International Refining & Manufacturing Co., 972 So.2d 784 (Ala.2007), and Carr v. International Refining & Manufacturing Co., 13 So.3d 947 (Ala.2009), Zurich concluded that its policies were not triggered by any claim against International Refining asserted in the Bell Carr litigation.
*875 According to Zurich, “[sjection 6-3-7(a)(l) would only make Fayette County a proper venue if events which gave rise to Zurich’s right to a declaration of no coverage occurred in Fayette County.” (Zurich’s response, at p. 17.) Zurich maintains that the absence of any coverage for any claims asserted by the plaintiffs in the Bell Can-litigation gives Zurich the right to relief.
International Refining rejects Zurich’s argument, maintaining that venue is determined at the commencement of an action and that the resolution of the merits of the declaratory-judgment action cannot determine where proper venue for an action against a corporation rests. In Vulcan Materials, in addressing the application of § 6-5-430, Ala.Code 1975, a statute making the doctrine of forum non conveniens applicable in an action arising in a foreign jurisdiction, this Court held that venue in that action was established in the forum of the site of the underlying tort, namely California. Although this case involves the application of § 6-3-7(a)(l), Ala.Code 1975, the reasoning and holding in Vulcan Materials are applicable to our resolution of the venue issue in this case. In Vulcan Materials, this Court stated:
‘“The determination of the situs of the claim — either inside or outside the State of Alabama — is a factual determination left to the sound discretion of the trial court.’ Ex parte Ford Motor Credit Co., 561 So.2d 244, 246 (Ala.Civ.App.1990)....
“Vulcan cites Ex parte Employers Insurance of Wausau, 590 So.2d 888 (Ala.1991), as support for its contention that Vulcan’s claims in this case arose in Alabama. In Wausau, a lawsuit was pending in California regarding insurance coverage of claims against a corporation. Shareholders of the corporation brought an action in an Alabama state court seeking a declaration of coverage. This Court held that the trial court did not err in denying the insurance companies’ motion for a dismissal on the basis of forum non conveniens. Wausau, however, is distinguishable from the present case because in Wausau the coverage claims of the corporation in California and of the corporation’s shareholders in Alabama were ‘independent’ and ‘altogether separate’ from each other. 590 So.2d at 892-93. In the present case, the insurance-coverage action brought by Vulcan in Alabama involves nearly identical parties and covers issues identical to the ... action pending in California.
“The act giving rise to Vulcan’s declaratory-judgment action against the various insurance companies is not the initiation of the contractual relationship between Vulcan and its insurers, which occurred in Alabama; instead, it is the alleged breach of that contractual relationship — the insurance companies’ refusal to defend and indemnify Vulcan from ‘claims asserting property damage allegedly caused [by perc].’ There is no dispute that the various perc-related litigation arose outside Alabama, and that litigation is the very litigation over which Vulcan is bringing this action against the companies that insure it. Stickland v. Trion Group, Inc., 463 F.Supp.2d 921, 925 (E.D.Wis.2006) (‘[A] breach of contract occurs where the contract is to be performed.’). In Ex parte Kia Motors America, Inc., 881 So.2d 396 (Ala.2003), Marilyn Jeffreys was killed in an automobile accident that occurred in Jackson County, Florida. Jeffreys’s estate sued Kia Motors America, Inc., Emerald Auto Sales, Inc., and others (collectively ‘Emerald’), in Houston County, Alabama, asserting a product-liability claim, breach of warranty, and negligence. Emerald moved to dismiss the action on the basis of forum non *876 conveniens. The trial court denied the motion, and Emerald petitioned this Court for the writ of mandamus. We granted Emerald’s petition, holding that the doctrine of forum non conveniens applied in that case because ‘the breaeh-of-warranty claim in the present action is a claim of “damages for injury to the person in the case of consumer goods,” the cause of action for which occurred in Florida. The claim, then, accrued in Florida. Accordingly, we [find] it is a “claim [that] has arisen outside this state.” ’ 881 So.2d at 401 (quoting Ala. Code 1975, § 6-5-430). Thus, under the law of Alabama, a breach-of-contract claim, like the claim between Vulcan and its insurance companies, arises where the contract was breached, rather than where the contract was entered into. We conclude that the trial court did not err in determining that the defendants satisfied the first element of forum non conveniens as set forth in § 6-5-430, Ala.Code 1975.”
985 So.2d at 381-82 (footnotes omitted).
Zurich argues that our holding in Vulcan Materials is not applicable to this case because the facts in Vulcan Materials and the facts in this case are clearly distinguishable. Zurich is correct that the facts in this case and the facts in Vulcan Materials are distinguishable; however, the principles of law applicable to the facts in Vulcan Materials are likewise applicable to the facts in this case. The act giving rise to Zurich’s declaratory-judgment action against International Refining is not the initiation of the contractual relationship between Zurich and International Refining; instead, it is Zurich’s desire to be relieved of any obligation to defend and/or to indemnify International Refining in the Bell Carr litigation. The Bell Carr litigation is proceeding in the Fayette Circuit Court, and that litigation is the very litigation from which Zurich is seeking relief from defending International Refining. Therefore, a substantial part of the events giving rise to Zurich’s declaratory-judgment action arose in Fayette County. Whether the remaining plaintiffs’ claims in the Bell Carr litigation against International Refining in the Fayette Circuit Court may be the subject of indemnification by Zurich is a determination to be made by the Fayette Circuit Court.

Conclusion

Venue is to be determined at the commencement of an action. Ex parte Pike Fabrication, Inc., 859 So.2d 1089 (Ala.2002). At the commencement of this declaratory-judgment action, the facts, as stated by Zurich, are that the plaintiffs in the Bell Carr litigation allege that they suffered harm from exposure to toxic substances supplied by Zurich’s insured — International Refining — to Arvin in Fayette County, that the exposure occurred in Fayette County, that the injured plaintiffs filed the complaint in the Fayette Circuit Court, that International Refining requested that Zurich defend it in the Fayette Circuit Court action, that Zurich is providing International Refining a defense in the Fayette Circuit Court, and that Zurich seeks to be excused from providing International Refining a defense in the Fayette Circuit Court. International Refining has established that, pursuant to § 6-3-7(a)(l), Ala.Code 1975, venue for the declaratory-judgment action is proper in the Fayette Circuit Court. Because International Refining has established that venue is proper in the Fayette Circuit Court and the Jefferson Circuit Court refused to transfer the action to the Fayette Circuit Court, International Refining has established a clear legal right to have Zurich’s declaratory-judgment action transferred from the Jefferson Circuit Court to the Fayette Circuit Court. Therefore, we grant International Refining’s petition and issue a writ *877 directing the Jefferson Circuit Court to vacate its order refusing to transfer the declaratory-judgment action and to enter an order transferring this declaratory-judgment action to the Fayette Circuit Court.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.

. International Refining concedes that subsections (2), (3), and (4) have no application to the determination of venue for Zurich’s declaratory-judgment action.