SELLERS, Justice.
Dow Corning Alabama, Inc., Dow Corning Corporation, Rajesh Mahadasyam, Fred McNett, Zurich American Insurance Company ("Zurich"), and National Union Insurance Company of Pittsburgh, PA ("National Union"), petition this Court for a writ of mandamus directing the trial court to transfer the underlying declaratory-judgment action to the Montgomery Circuit Court pursuant to § 6-3-21.1, Ala. Code 1975, the forum non conveniens statute. We deny the petition.
Facts
Alabama Electric Company, Inc., of Dothan ("Alabama Electric") is an Alabama *480 corporation with its principal place of business in Houston County. Dow Corning Alabama is a Delaware corporation with its principal place of business in Montgomery County. Dow Corning Alabama hired Alabama Electric, an independent contractor, to perform the electrical installation of a vacuum system at Dow Corning Alabama's facility in Montgomery. The master construction contract ("the master contract") between the parties includes the following indemnity provision:
"[Section 15.01] INDEMNITY-[Alabama Electric] assumes all risk and liability for provision of the Work and agrees to defend, indemnify and hold harmless [Dow Corning Alabama], its subsidiaries and affiliated companies and their officers, directors, agents, employees and assigns (each 'Indemnified Party'), from and against all claims, including claims of bodily injury or death, all damages, losses and expenses, including attorneys' fees and expenses, arising out of or resulting from the negligent acts or omissions of [Alabama Electric], [its] employees, representatives subcontractors and independent contractors under [Alabama Electric's] supervision and control while on [Dow Corning Alabama's] premises or traveling to or from [Dow Corning Alabama's] premises for the purpose of performing Work, regardless of whether caused in part by [Dow Corning Alabama]."
(Emphasis added.) Section 16.02 of the master contract requires Alabama Electric to maintain "Commercial General Liability Insurance ... providing standard coverage including, but not limited to, insurance for any and all public liability including bodily injury, property damage, personal injury, or advertising injury to others, arising from or related to [Alabama Electric's] performance under this agreement." (Emphasis added.) Section 16.02 of the master contract also states that "[Dow Corning Alabama] shall be added as an additional insured for the coverages listed in b. [i.e., commercial general-liability insurance] and c. [i.e., automobile-liability insurance] above, with respect to occurrences arising out of [Alabama Electric's] negligent acts or omissions." (Emphasis added.) In accordance with the master contract, Alabama Electric's insurer, National Trust Insurance Company ("National Trust"), issued to Alabama Electric a commercial general-liability insurance policy ("the National Trust policy") for the period March 31, 2011, through March 31, 2012.
On August 1, 2011, Scottie Blue, an employee of Alabama Electric, was injured while working at Dow Corning Alabama's Montgomery facility. On March 28, 2013, Blue filed a personal-injury action in the Montgomery Circuit Court ("the Montgomery lawsuit"), naming as defendants Dow Corning Alabama, Dow Corning Corporation, Rajesh Mahadasyam, and Fred McNett ("the Dow defendants"). The Dow defendants tendered their request for defense and indemnity of the Montgomery lawsuit to Alabama Electric and National Trust, both of whom denied coverage.
On April 28, 2014, Zurich and National Union (hereinafter referred to collectively as "the Dow insurers") settled the Montgomery lawsuit through mediation, and the case was ultimately dismissed.
On May 9, 2014, Alabama Electric and National Trust filed an action in the Houston Circuit Court seeking certain declarations concerning their duties and obligations under the master contract and/or the National Trust policy regarding the settlement. Alabama Electric and National Trust argued primarily that the indemnity provision of the master contract required them to defend and indemnify only those claims based on Alabama Electric's negligence. Alabama Electric emphasized that *481 all the claims asserted by Blue in his complaint were based on the alleged wrongful acts or omissions of the Dow defendants. Alabama Electric and National Trust subsequently amended their complaint to add the Dow insurers based on the Dow defendants' assertion that they had assigned to the Dow insurers their legal rights to sue Alabama Electric and National Trust.
On November 3, 2014, the Dow defendants moved to transfer the declaratory-judgment action from Houston County to Montgomery County pursuant to the interest-of-justice prong of § 6-3-21.1. In their motion to transfer, the Dow defendants argued that Montgomery County had a "much stronger connection" to the declaratory-judgment action because Blue's accident occurred in Montgomery County, Montgomery County was the site of Alabama Electric's alleged negligent conduct, and Montgomery County is where Blue filed his action. They argued that, in contrast, Houston County had little connection to the declaratory-judgment action other than being the location of Alabama Electric's principal place of business. Alabama Electric and National Trust argued in response that Houston County has a strong interest in the adjudication of their declaratory-judgment action because, they said, the issues presented are solely whether Alabama Electric owes indemnity under the master contract, which was executed in Houston County, and whether National Trust owes indemnity under its policy of insurance, which was issued in Houston County. At some point thereafter, the Dow insurers also filed a motion to transfer the action to Montgomery County, asserting the same grounds as did the Dow defendants. After considering briefs from the parties and conducting a hearing, the trial court entered an order denying the motions to transfer, concluding that the Dow defendants and the Dow insurers had failed to meet their burden of showing that the requested transfer to Montgomery County was justified, based on the interest of justice, under § 6-3-21.1. The trial court specifically determined that the claims asserted by the Dow defendants and the Dow insurers arise, if at all, from the master contract or from the National Trust policy.
The Dow defendants and the Dow insurers (hereinafter sometimes referred to collectively as "the Dow parties") then filed this petition for a writ of mandamus, requesting that this Court order the trial court to transfer the underlying declaratory-judgment action from the Houston Circuit Court to the Montgomery Circuit Court. This Court ordered answers and briefs.
Standard of Review
"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986). 'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). 'When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.' Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995)."
*482 Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998).
Discussion
The Dow parties contend that the trial court exceeded its discretion in denying their motion to transfer the declaratory-judgment action to Montgomery County under the "interest-of-justice" prong of § 6-3-21.1, which provides, in pertinent part:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
(Emphasis added.) "A [party] moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice." Ex parte Masonite Corp., 789 So.2d 830, 831 (Ala. 2001) (emphasis added). In this case, it is undisputed that venue is appropriate in both Houston County, see § 6-3-7(a)(2), Ala. Code 1975 ("All civil actions against corporations may be brought ... [i]n the county of the corporation's principal office in this state ...."), and Montgomery County. "When venue is appropriate in more than one county, the plaintiff's choice of venue is generally given great deference." Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala. 2003). Accordingly, this Court must determine "whether 'the interest of justice' overrides the deference due the plaintiff's choice of forum. Our inquiry depends on the facts of the case." Ex parte J & W Enters., LLC, 150 So.3d 190, 194 (Ala. 2014).
"The 'interest of justice' prong of § 6-3-21.1 requires 'the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.' Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala. 1998) ]. Therefore, 'in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the "nexus" or "connection" between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 911 (Ala. 2008). Additionally, this Court has held that 'litigation should be handled in the forum where the injury occurred.' Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider 'the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.' Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala. 2007). The petitioners in this case are thus required to demonstrate ' "that having the case heard in [Montgomery] County would more serve the interest of justice" ' than having the case heard in [Houston] County. Ex parte First Tennessee Bank, 994 So.2d at 909 (quoting Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006) ).
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala. 2008).
The Dow parties rely on the following three cases to support their position that the trial court was compelled to transfer the declaratory-judgment action to Montgomery County: Ex parte American Resources Insurance Co., 58 So.3d 118 (Ala. 2008) (holding that transfer to St. Clair *483 County was not warranted under the interest-of-justice prong, even though the insured resided in St. Clair County and the insurance policy was negotiated, issued, and delivered in St. Clair County; the case did not involve issues whether policy was actually issued or whether fraud or other wrongful conduct occurred-rather, the only issue was whether the events alleged in complaint fell within coverage of the policy); Ex parte International Refining & Manufacturing Co., 67 So.3d 870 (Ala. 2011) (holding that venue for insurer's declaratory-judgment action against manufacturer was proper in county in which former employees' litigation was proceeding); and Vulcan Materials Co. v. Alabama Insurance Guaranty Ass'n, 985 So.2d 376 (Ala. 2007) (holding that venue for insurer's declaratory-judgment action was proper where insurers allegedly breached their duty to indemnify manufacturer). Based on the specific facts of this case, and for the reasons discussed below, we do not agree with the Dow parties that these cases compel the transfer of the declaratory-judgment action to Montgomery County.
Although the Dow parties rely on Ex parte American Resources, that case is actually supportive of Alabama Electric and National Trust's position opposing the motion to transfer. In Ex parte American Resources, a general contractor filed a lawsuit against its subcontractor in the Escambia Circuit Court, alleging defective construction of a condominium building in that county. The subcontractor's insurer defended the Escambia County action under a reservation of right. The insurer subsequently filed an action in the Mobile Circuit Court, seeking a judgment declaring whether there had been an "occurrence" as defined in the policy it had issued to the subcontractor. The trial court granted the subcontractor's motion to transfer the declaratory-judgment action to St. Clair County-the location of the subcontractor's principal place of business. This Court concluded that the subcontractor had failed to meet its burden of proving that transferring the case to St. Clair County would serve the interest of justice more than leaving the case in Mobile County-the location of the insurer's principal place of business. In so concluding, this Court observed that, despite the subcontractor's contentions that the insurance policy had been negotiated, issued, and delivered in St. Clair County, the insurer filed its action in Mobile County where its principal office was located and that Mobile County appeared to have as much interest in the proper resolution of a coverage dispute as did St. Clair County, i.e., "[t]he only issue is whether the events that form the basis for the Escambia County action fall within the coverage of the policy." 58 So.3d at 123. In the instant case, Alabama Electric and National Trust chose to file their action in Houston County-the county not only where Alabama Electric's principal place of business is located, but also where the master contract was negotiated and delivered and where the National Trust policy was issued and delivered. Accordingly, Houston County appears to have as much interest in the proper resolution of the indemnity dispute as does Montgomery County.
In Ex parte International Refining, the plaintiffs, former employees of a muffler plant, filed a lawsuit in the Fayette Circuit Court against, among others, the manufacturer who supplied the muffler plant with allegedly toxic chemicals. The manufacturer's insurer defended the manufacturer in the action. While the action was proceeding in Fayette County, the manufacturer's insurer filed an action in the Jefferson Circuit Court seeking a judgment that it did not have a "continuing duty" to defend the manufacturer in the Fayette County action. The manufacturer moved the trial *484 court to transfer the insurer's declaratory-judgment action to Fayette County pursuant to § 6-3-7, Ala. Code 1975, relating to venue of actions against foreign and domestic corporations, arguing that venue was proper only in Fayette County because a substantial part of the events giving rise to the insurer's declaratory-judgment action occurred there. This Court agreed:
"The act giving rise to [the insurer's] declaratory-judgment action against [the manufacturer] is not the initiation of the contractual relationship between [the insurer] and [the manufacturer]; instead, it is [the insurer's] desire to be relieved of any obligation to defend and/or to indemnify [the manufacturer] in the [underlying] litigation. The [underlying] litigation is proceeding in the Fayette Circuit Court, and that litigation is the very litigation from which [the insurer] is seeking relief from defending [the manufacturer]. Therefore, a substantial part of the events giving rise to [the insurer's] declaratory-judgment action arose in Fayette County. Whether the remaining plaintiffs' claims in the [underlying] litigation against [the manufacturer] in the Fayette Circuit Court may be the subject of indemnification by [the insurer] is a determination to be made by the Fayette Circuit Court."
67 So.3d at 876-77. In other words, the insurer in Ex parte International Refining filed its declaratory-judgment action in the Jefferson Circuit Court, seeking to be excused from providing any further defense in the action that was already proceeding in Fayette County. In the instant case, Alabama Electric and National Trust never agreed to provide a defense for the Dow defendants in the Montgomery lawsuit. Rather, after the Dow insurers settled the Montgomery lawsuit on behalf of the Dow defendants, but prior to the settlement being finalized, Alabama Electric and National Trust filed the declaratory-judgment action in Houston County seeking a declaration that they were not obligated under the master contract either to defend or to indemnify the Dow parties. Moreover, the instant case involves the application of the interest-of-justice prong of § 6-3-21.1 and, more specifically, whether the Dow parties have met their burden of demonstrating that having the declaratory-judgment action heard in Montgomery County would better serve the interest of justice.
Finally, in Vulcan Materials, the plaintiffs filed their underlying lawsuit in California, alleging that Vulcan was liable for environmental damage at 50 sites in that state. Two of Vulcan's insurers filed insurance-coverage actions in California. Thereafter, Vulcan filed a third insurance-coverage action against the insurers in Alabama, seeking a declaration regarding the insurers' duty to defend or indemnify it in pending and future litigation in various jurisdictions. The insurers moved to dismiss Vulcan's declaratory-judgment action on forum non conveniens grounds pursuant to § 6-5-430, Ala. Code 1975, a statute making the doctrine of forum non conveniens applicable in an action arising in a foreign jurisdiction:
" Section 6-5-430, Ala. Code 1975, provides:
" 'Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens *485 in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice....'
"Under this statute, the trial court 'shall apply the doctrine of forum non conveniens' in determining whether to decline or to take jurisdiction of an action that has arisen outside the state so long as the movants demonstrate that the following three conditions are met: (1) the claim upon which the present action is based originated outside Alabama; (2) there is an alternative forum for this claim outside Alabama; and (3) the factors considered in determining the applicability of the doctrine."
Relative to the trial court's consideration was the fact that the insurance-coverage actions pending in California involved identical issues, the same damage locations, and nearly identical parties. The trial court also considered the fact that "[w]hether the various policies apply ... will depend on how the contamination occurred, why it occurred, and when it occurred-all questions the answers to which will depend on evidence gathered largely from the allegedly contaminated sites." 985 So.2d at 384 (emphasis added). Accordingly, the trial court granted the insurers' motion to dismiss the action filed in Alabama on forum non conveniens grounds in favor of California, holding that the acts giving rise to Vulcan's claim were the insurers' refusal to defend and indemnify the actions pending in California. In affirming the trial court's judgment, this Court emphasized:
"We reiterate that insurance-coverage actions involving substantially the same parties, regarding the same policies, and concerning the same underlying litigation are currently pending in California. By affirming the trial court's order granting the [insurers'] motion for a dismissal based on forum non conveniens, we are furthering the interests of justice by avoiding a duplicative action in Alabama. Permitting this case to go forward in Alabama, while a case identical in all material respects is pending in California, would unnecessarily and unjustifiably burden the parties and the respective judicial systems."
985 So.2d at 384. The present declaratory-judgment action is distinguishable insofar as it involves the applicability of the interest-of-justice prong of § 6-3-21.1 ; the action does not involve identical coverage actions in separate states that would result in duplicative actions; and the action is not dependent on evidence to be gathered from the Montgomery action because the Dow insurers settled the action on behalf of the Dow defendants.
We agree that the declaratory-judgment action in this case has a connection to Montgomery County insofar as the injury giving rise to the indemnity occurred in Montgomery and Blue filed his action in the Montgomery Circuit Court. "Although we assign 'considerable weight' to the location where the accident occurred, it is not, and should not be, the sole consideration for determining venue under the 'interest of justice' prong of § 6-3-21.1." Ex parte J&W Enterprises, 150 So.3d at 196-97. After the Dow insurers settled the Montgomery action on behalf of the Dow defendants, Alabama Electric and National Trust filed a declaratory-judgment action, the central issue of which concerns their rights and responsibilities *486 under the master contract and/or the National Trust policy to indemnify the Dow parties' for the defense and settlement of the Montgomery action. Alabama Electric has its principal place of business in Houston County; Alabama Electric executed the master contract in Houston County; the master contract was delivered in Houston County; all communications related to the procurement of the National Trust policy were conducted in Houston County; and National Trust issued and delivered the National Trust policy in Houston County. Given these facts, we conclude that the trial court was within its discretion in finding that the Dow parties had failed to meet their burden of showing that the requested transfer to Montgomery County would better serve the interest of justice because Houston County appears to have as much, if not a greater, interest in the proper adjudication of this declaratory-judgment action as does Montgomery County. Accordingly, Alabama Electric and National Trust's choice of forum should not be disturbed. The Dow parties did not satisfy their burden at the trial-court level of demonstrating that a change in venue from Houston County to Montgomery County is warranted under the interest-of-justice prong of § 6-3-21.1. More importantly, the Dow parties have not satisfied the requisite burden of establishing that the trial court exceeded its discretion in denying their motions for a change of venue. See Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990) ("In cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse."); Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala. 1987) ("[A] writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.").
Conclusion
The trial court did not exceed its discretion in denying the Dow parties' motions for a change of venue based on the interest-of-justice prong of § 6-3-21.1. Accordingly, we deny their petition for a writ of mandamus.
PETITION DENIED.
Stuart, C.J., and Bolin, Parker, Main, and Wise, JJ., concur.
Murdock, Shaw, and Bryan, JJ., concur in the result.